Eminent domain; taking; what constitutes. — On October 21,1976, the court entered the following order:
Before SkeltoN, Nichols, and Kashiwa, Judges.
“This case comes before the court on defendant’s motion for judgment on the pleadings, filed May 24, 1976, on the ground that the complaint fails to state a claim upon which relief can be granted. For the reasons below we hold for the defendant.
“Plaintiffs allege a taking of their land. Plaintiffs own real property within the boundaries of the Tocks Island Reservoir project. In 1973 the Army Corps of Engineers notified the plaintiffs in writing that their property was the subject of Government acquisition and that it would be appraised. Plaintiffs received from defendant a written offer to purchase. Defendant and plaintiffs negotiated. Defendant made a final offer which was refused. On June 1, 1974, plaintiffs acquired a residence outside the boundaries of the project *358 placing an encumbrance upon the subject property to finance the new acquisition. On December 13, 1974, plaintiffs were notified that efforts to acquire their property had been suspended. Plaintiffs claim that the marketability of their property has been destroyed. Plaintiffs claim that by virtue of ■its actions and activities defendant has appropriated the property for public use.
“The issue is whether plaintiffs’ allegations state a claim of taking of property for which they are entitled to just compensation.
“There have been cases in which a taking was held to have occurred even though defendant did not literally take in the ordinary way. United States v. Causby, 328 U.S. 256 (1946); Drakes Bay Land Co. v. United States, 191 Ct. Cl. 389, 424 F. 2d 574 (1970). It has also been held that a diminutive effect on the value of private land resulting from the proper exercise of Government powers does not alone amount to a constitutional taking. Danforth v. United States, 308 U.S. 271, 285 (1939); Woodland Market Realty Co. v. Cleveland, 426 F. 2d 955, 958 (6th Cir. 1970).
“In the case at bar, plaintiffs have alleged no physical invasion nor special circumstances where there was a substantial destruction of their beneficial ownership. A threat of condemnation is not a taking. Hempstead Warehouse Corp. v. United States, 120 Ct. Cl. 291, 306, 98 F. Supp. 572, 573 (1951). Plaintiffs have not been deprived of their use. There is no taking in the constitutional sense. For the above reasons,
“it is ordered that defendant’s motion for judgment on the pleadings is granted and the petition is dismissed.”